# IN THE COURT OF APPEALS OF IOWA

No. 22-1429
Filed November 17, 2022

**IN THE INTEREST OF A.M.-G. and A.M.,**
**Minor Children,**

**P.M., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, David F. Staudt,

Judge.


        A mother appeals the termination of her parental rights.  **AFFIRMED.**


        Joseph G. Martin, Cedar Falls, for appellant mother.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

        Kimberly S. Lange of the Public Defender's Office, Waterloo, attorney and

guardian ad litem.


        Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights. She claims termination is not in the best interests of the children and asks for a six-month extension. We find termination is in the children's best interests. Additionally, a six-month extension in not warranted on the facts in this record. We affirm.

## I. Background Facts & Proceedings

The instant proceedings began in August 2020 after the Department of Health and Human Services (DHHS) became aware of reports of the mother's failure to safely supervise her children, as well as the mother's drug use.[1] A.M.-G., age three-and-a-half, and A.M., age two-and-a-half, were removed from their mother's custody and placed with their maternal grandmother, where they have remained for the duration of the case.

The mother was instructed to complete substance-abuse treatment, comply with drug testing, complete a mental-health evaluation and fulfill any recommended treatment, participate in Family Centered Services (FCS) and the SafeCare curriculum, and consistently attend visits with the children. Little progress was made on any of these goals. The mother completed a substance-abuse evaluation in July 2021, which diagnosed her with cocaine use disorder—severe, cannabis use disorder—severe, and opiate use disorder—severe, in sustained remission. However, the mother did not complete any substance-abuse treatment. Nor did she engage in mental-health treatment, despite self-disclosing to DHHS that she suffered from bipolar disorder and schizophrenia. Visitation was also problematic

---

[1] The mother was involved with DHHS in 2018 because of similar concerns.

for the mother. Providers reported that the mother easily grew frustrated with the children, failed to discipline them, failed to properly supervise them, and left numerous hazards around the house, including loose pills and scissors within the children's reach. The mother completed only ten drug tests over eighteen months, one of which was positive for cocaine and several of which were indicative of non-human urine, resulting in presumptive positive results.

The State petitioned to terminate the mother's parental rights in December 2021. Following a hearing, the court granted the mother a six-month extension, noting the mother's spirited promises to improve her situation. Still the mother struggled to make progress. Despite efforts to make visits more available, the mother only participated in about thirteen of twenty-six visits since February. Similarly, she only participated in five of thirteen FCS meetings and three of six SafeCare classes. She tested positive for cocaine on May 28, 2022, the day after her most recent child's birth, and admitted to drug use during the pregnancy.[2] Hospital staff indicated she was not compliant with the mental-health medication she purported to be taking at the time.

The mother blames much of her continued struggles with sobriety and visits on health problems she encountered since the February hearing, some of which related to her pregnancy. While DHHS did not doubt the existence of some medical issues, the mother never signed medical releases so DHHS could verify the restrictions she claimed were in place. Her visits were held virtually in April and May to accommodate the mother being placed on bedrest. Despite those

---

[2] The new baby is not part of the instant appeal.

accommodations, the mother still attended only five of fourteen offered visits during those months. She completed a new substance-abuse evaluation on June 6, which recommended inpatient treatment.[3] The mother was referred to a facility at the same time.

A second termination hearing was held June 9. After hearing testimony from the DHHS caseworker and the mother, the juvenile court terminated the mother's rights pursuant to Iowa Code sections 232.116(1)(h) and (*l*) (2022). The mother subsequently moved to reconsider, which the court denied. The mother appeals.[4]

## II.     Standard of Review

We review the termination of parental rights de novo. *In re P.L.*, 778 N.W.2d 30, 40 (Iowa 2010). We generally review such proceedings using a three-step analysis. *Id.* at 39. However, the mother does not contest that there is a statutory ground for termination or whether permissive exceptions apply that could prevent termination. *See id.* Thus, we need not discuss those steps. *Id.* at 40.

## III.     Discussion

The mother claims termination is not in the best interests of the children. When considering the best interests of the children, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

---

[3] The mother signed a limited release of information, informing DHS about the occurrence of the evaluation and the recommendation for treatment, but omitting her diagnoses.

[4] The father's parental rights were also terminated. He does not appeal.

We determine termination of the mother's parental rights is in the children's best interests. The mother has made little discernable progress over the course of the case. She has failed to complete substance-abuse treatment and has not participated in mental-health treatment. Despite self-reporting she suffers from bipolar disorder and schizophrenia, she was non-compliant with her medication around the time of her most-recent child's birth. The mother tested positive for cocaine about two weeks prior to the termination hearing, which indicated use while she was pregnant. The mother's substance-abuse and mental-health present a real danger to the children. She has continued to struggle supervising the children during visits.

The children have been removed from the mother's custody for about twenty months—a substantial portion of their young lives. The maternal grandmother, the current placement, is a licensed adoptive home. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014). Waiting for the mother to resolve her substance-abuse issues is not in the children's best interests. *See P.L.*, 778 N.W.2d at 41 ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping that someday a parent will learn to be a parent and be able to provide a stable home for the child.").

The mother also requests a six-month extension, contending she could enter inpatient treatment without harming the children by continuing their placement with their maternal grandmother. She also blames the lack of progress she has made thus far on health issues. Juvenile courts may grant a six-month extension to proceedings when there is a basis to believe "the need for removal of

the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

The juvenile court properly denied the six-month extension. First, as noted above, the mother has made very little progress over the proceeding twenty months. While she blames medical issues have hindered her progress, those issues only arose after the February 2022 hearing in which the court granted a six-month extension. She cannot explain her lack of participation or progress prior to that hearing. And DHHS made accommodations for those health issues, allowing her to do virtual visits and offering at-home drug testing. The mother failed to meaningfully utilize those options.

Similarly, while the mother contends she will enter inpatient treatment soon, she has failed to maintain her sobriety for the past four years of DHHS involvement. She continued her drug use following the discovery of her most recent pregnancy and the February hearing that provided a six-month extension. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (explaining that a parent's past conduct is indicative of future behavior). Given her extensive history of non-participation in services, her assurance to attend inpatient treatment at the time of the termination hearing rings hollow. The mother had ample time to tackle her substance abuse issues, but failed to do so. The juvenile court quoted the DHHS caseworker as aptly describing the issue:

> [The mother] has spent a great deal of energy trying to prove her excuses for complying with treatment and testing. It remains very difficult to believe [her] as she has provided many explanations. When asked to provide facts and documentation she is not able to do so.

The mother's assurances notwithstanding, nothing in the record suggests the children could be safely returned to her custody in the next six-months. A six-month extension is not appropriate in this case.

**AFFIRMED.**